FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 JUL 25  PM 3: 57

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**07-3860**

| | |
|---|---|
| ALLEN R. BOUDREAUX, GENE R. CLOUATRE and JAMES B. RUTLAND, Plaintiffs | SUIT NO. _____ |
| VERSUS | SECT. C MAG 3 |
| DEUTSCHE BANK AG, DEUTSCHE BANK SECURITIES, INC. d/b/a DEUTSCHE BANK ALEX. BROWN, a division of DEUTSCHE BANK SECURITIES, INC., GRESHAM FINANCIAL PARTNERS, WATERFORD CAPITAL INVESTORS, AND GRAVIER FINANCIAL, LTD., Defendants | JUDGE _____ |

### DEUTSCHE BANK'S NOTICE OF REMOVAL

NOTICE IS HEREBY GIVEN that Defendants Deutsche Bank AG and Deutsche Bank Securities Inc. ("DBSI") d/b/a Deutsche Bank Alex. Brown (collectively, "Deutsche Bank"), hereby remove to this Court the state court action described below pursuant to (i) 28 U.S.C. §§ 1331 & 1441(a)-(b) because Plaintiffs' asserted right to relief arises under federal law and (ii) 28 U.S.C. §§ 1332 & 1441(a)-(b) because the only non-diverse defendant, Gresham Financial Partners was improperly joined and the amount in controversy exceeds $75,000.

$350

- 1 -

## INTRODUCTION

1. On or about June 26, 2007, Plaintiffs filed a Petition for Damages styled *Allen R. Boudreaux, Gene R. Clouatre and James B. Rutland v. Deutsche Bank AG, Deutsche Bank Securities, Inc. d/b/a Deutsche Bank Alex Brown, a division of Deutsche Bank Securities, Inc., Gresham Financial Partners, Waterford Capital Investors, and Gravier Financial, Ltd.*, Cause No. 2007-6122 H12 in the Civil District Court, Orleans Parish, Louisiana ("Petition" or "Pet."). Deutsche Bank AG has not yet been served with the Petition and DBSI was served on July 20, 2007, so this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

2. Copies of the Petition and all process, pleadings and orders that have been served on or received by Deutsche Bank in this action are attached hereto as Exhibit 1, as required by 28 U.S.C. § 1446(a).

3. On information and belief, defendants Gresham Financial Partners ("Gresham"), Waterford Capital Investors, and Gravier Financial, Ltd. have not been served. The state court record contains no return of service. *See* State Court Record, Attached as Exhibit 1. The consent of defendants who have not been served is not required for removal. *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n. 9 (5th Cir. 1988); *Asunto v. Shoup*, 132 F. Supp. 2d 445, 454 (E.D. La. 2000) (holding that "defendants who are not served may be ignored, both for jurisdictional purposes and for the purpose of requiring their joinder in the notice of removal.") (quoting 14C Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3731, pp. 274 (1998)).

4. Deutsche Bank will promptly file a copy of this Notice of Removal with the clerk of the state court where the action has been pending.

## THE PETITION

5. This action is brought by Allen R. Boudreaux, Gene R. Clouatre and James B. Rutland (collectively "Plaintiffs"). Pet. ¶¶ 1-3. According to the Petition, in 2001, Plaintiffs were approached by "marketing participants" of Deutsche Bank to enter into tax-advantaged investment strategies involving foreign exchange digital options contracts (the "Strategy").[1] Pet. ¶¶ 50, 53.

6. Subsequently, Plaintiffs filed this lawsuit alleging the following causes of action: (1) Civil Violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 et. seq.; (2) declaratory judgment and unjust enrichment; (3) breach of fiduciary duty; (4) fraud; (5) negligent misrepresentation; (6) breach of contract; and (7) civil conspiracy. Pet. ¶¶ 66-137.

7. Plaintiffs claim to have been damaged as a result of entering into the Strategy, and now seek actual damages, plus treble damages, attorneys' fees, interests, costs, return of fees, and declaratory judgment. Pet. ¶¶ 138-143.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this lawsuit under 28 U.S.C. § 1331 because "[t]he district courts shall have jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* The existence of federal question jurisdiction over any of Plaintiffs' claims is sufficient to make the entire case removable. 28 U.S.C. § 1441(c). The court further has supplemental jurisdiction over any other state law claims pursuant to 28 U.S.C. § 1367.

---

[1] Deutsche Bank does not admit any of the factual allegations in the Petition and expressly reserves the right to contest those allegations at the appropriate time.

9. This Court also has jurisdiction over this lawsuit under 28 U.S.C. § 1332 because complete diversity exists between Plaintiffs and properly joined Defendants, and the amount in controversy exceeds $75,000.

10. Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place where the removed action has been pending.

## GROUNDS FOR REMOVAL

### I. REMOVAL IS PROPER PURSUANT TO 28 U.S.C. § 1441 BECAUSE PLAINTIFFS' CLAIMS ARISE UNDER A FEDERAL STATUTE

11. Removal is proper because Plaintiffs assert claims under RICO, 18 U.S.C. §§ 1961, et seq., a federal statute. Pet. ¶¶ 66-102. Plaintiffs' RICO claims could have been brought in federal court pursuant to 28 U.S.C. § 1331. *See* 18 U.S.C. § 1964(c) ("Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court[.]") Removal is therefore proper under 28 U.S.C. § 1441(a)-(b). *See, e.g., Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1196 (9th Cir. 1988) (RICO claim is subject to removal pursuant to 28 U.S.C. § 1441(a)).

### II. REMOVAL IS PROPER PURSUANT TO 28 U.S.C. 1441 BECAUSE THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFFS AND PROPERLY JOINED DEFENDANTS

12. Removal is also proper because there is complete diversity of citizenship between all properly joined Plaintiffs and Defendants and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a) & 1441(a)-(b). Gresham Financial Partners, allegedly a Louisiana citizen, Pet. ¶ 8, was improperly joined to defeat diversity.

13. A defendant is improperly joined when "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

14. Gresham was improperly joined because Plaintiffs cannot recover against Gresham under Louisiana law. Gresham was liquidated and its affairs wound up in December of 2001.

15. When a partnership terminates, the business of the partnership ends except for purposes of liquidation. La. Civ. Code Ann. art. 2828. A dissolved Louisiana partnership maintains a fictional existence with respect to its past transactions and existing assets, until its affairs are wound up and completed. *Cambre v. St. Paul Fire & Marine Ins. Co.*, 331 So.2d 585, 590 (La. Ct. App. 1976). The partnership retains its jurisdical personality for purposes of liquidation. La. Civ. Code Ann. art. 2834. Liquidation is final when all its assets have been collected and applied to its obligations and its remaining assets, if any, have been appropriately distributed to the partners. *Id.* at art. 2835.

16. According to Plaintiffs' Petition, Gresham was liquidated on December 17, 2001. Pet. ¶ 53, p. 14. On the same day, Gresham's assets were distributed to "the (corporate) partners" -- Waterford Capital Investors and Gravier Financial Ltd. *Id.* Gresham's liquidation was thus final in 2001 or sometime shortly thereafter, and six and one-half years later, in 2007, Plaintiffs no longer have a cause of action under Louisiana law against Gresham.

17. All three Plaintiffs are citizens of Louisiana. Pet. ¶¶ 1-3. None of the four properly joined Defendants -- Deutsche Bank AG, DBSI, Waterford Capital Investors and Gravier Financial Investors, are citizens of Louisiana. Pet. ¶¶ 4-5, 8-9. The citizenship of ABC Insurance Company and DEI Insurance Company, both sued under fictitious names, is disregarded for diversity purposes. 28 U.S.C. § 1441(a); Pet ¶¶ 6-7.

18. The amount in controversy exceeds $75,000. Plaintiffs allege that they recognized multi-million dollar capital gains, which the Strategy was designed to eliminate. Pet.

¶ 50.    Plaintiffs also allege that they paid fees of at least $1.4 million, and have incurred significant legal, accounting and advisory fees. Pet. ¶¶ 64-65. The damages sought include the tax liability paid on the multi-million dollar gain, treble actual damages and return of the fees paid to Defendants, an amount which substantially exceeds $75,000. Pet. p. 37, ¶¶ 1-8.

19.    Because all properly joined Defendants are diverse from Plaintiffs and the amount in controversy exceeds $75,000, jurisdiction is proper under 28 U.S.C. § 1441(a)-(b).

## CONCLUSION

Deutsche Bank respectfully requests that this Court exercise jurisdiction over this action to the exclusion of further proceedings in the State court form which this action was removed.

Dated: July 25, 2007.

Respectfully submitted,

Julie P. Silbert (#14439)
KEAN MILLER HAWTHORNE D'ARMOND
MCCOWAN & JARMAN, L.L.P.
909 Poydras Street, Ste. 1450
New Orleans, Louisiana 70112
Telephone: (504) 585-3050

Todd A. Rossi (#11478)
KEAN, MILLER, HAWTHORNE, D'ARMOND,
McCOWAN & JARMAN, L.L.P.
One American Place, 22nd Floor
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70825
Telephone: (225) 387-0999

*Attorneys for Deutsche Bank AG and
Deutsche Bank Securities Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of Deutsche Bank's Notice of Removal has been placed in the U.S. Mail, certified mail, return receipt requested, and addressed to all counsel of record as follows:

Rodi F. Rispone
15961 Airline Highway
Baton Rouge, LA 70817

New Orleans, Louisiana, this 25th day of July, 2007.

_____
Julie P. Silbert

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALLEN R. BOUDREAUX, GENE R. CLOUATRE and JAMES B. RUTLAND,<br>     Plaintiffs | SUIT NO. _____ |
| VERSUS | SECTION _____ |
| DEUTSCHE BANK AG, DEUTSCHE BANK SECURITIES, INC. d/b/a DEUTSCHE BANK ALEX. BROWN, a division of DEUTSCHE BANK SECURITIES, INC., GRESHAM FINANCIAL PARTNERS, WATERFORD CAPITAL INVESTORS, AND GRAVIER FINANCIAL, LTD.,<br>     Defendants | JUDGE _____ |

### INDEX OF DOCUMENTS BEING FILED

1. Notice of Removal

2. Documents Filed in State Court Action

3. List of Parties and Counsel

Respectfully submitted,

Julie P. Silbert (#14439)
KEAN MILLER HAWTHORNE D'ARMOND
MCCOWAN & JARMAN, L.L.P.
909 Poydras Street, Ste. 1450
New Orleans, Louisiana 70112
Telephone: (504) 585-3050



EXHIBIT 1

- 1 -

Todd A. Rossi (#11478)
KEAN, MILLER, HAWTHORNE, D'ARMOND,
McCOWAN & JARMAN, L.L.P.
One American Place, 22nd Floor
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70825
Telephone: (225) 387-0999

*Attorneys for Deutsche Bank AG and
Deutsche Bank Securities Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Deutsche Bank's Index of Documents Being Filed has been placed in the U.S. Mail, certified mail, return receipt requested, and addressed to all counsel of record as follows:

Rodi F. Rispone
15961 Airline Highway
Baton Rouge, LA  70817

New Orleans, Louisiana, this 25 day of July, 2007.

_____
Julie P. Silbert